Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50010 | DATE | 9/28/2004 |
| CASE TITLE | MALEY vs. DESIGN BENEFITS PLAN, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, summary judgment for defendant is granted, in part, on Count I. Summary judgment granted, in part, for plaintiff on Count I. Summary judgment granted for defendant in Counts II and III. Telephone conference set for October 8, 2004 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 9-29-04 date docketed | 61 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 9-28-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| /SEC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DAVID MALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 01 C 50010 |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| ) | |
| DESIGN BENEFITS PLAN, INC. ) | |
| (FORMERLY KNOWN AS NATIONAL ) | |
| GROUP MARKETING CORP.), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

I. *Introduction*

Plaintiff David Maley ("Maley"), a former regional manager for defendant Design Benefits Plan, Inc. ("Design Benefits"), has sued Design Benefits for breach of contract, fraud, and conspiracy. Jurisdiction is proper under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(a)(1) and (c). Pending before this court is Design Benefits' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

II. *Background*

As an initial matter, the court notes that Maley has not responded to Design Benefits' statement of facts, as required by Local Rule 56.1(b)(3). Accordingly, all material facts set forth in Design Benefits' statement are deemed to be admitted. See LR56.1(b)(3)(B); Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 689 (7th Cir. 2000). In addition, paragraphs 6, 7, 10, and 12 of Maley's statement of additional facts do not contain references to affidavits, parts

of the record, or other supporting materials relied upon, as required by Local Rule 56.1(b)(3)(B). The court will disregard these paragraphs. See Brasic v. Heinemann's Inc., 121 F.3d 281, 285 (7th Cir. 1997) (stating that it is not the task of the district court "to scour the record in search of a genuine issue of triable fact.").

Design Benefits markets insurance policies. (LR56.1(a) ¶ 2) Maley became an agent-in-training with Design Benefits on April 4, 1991. (LR56.1(a) ¶ 5) Maley rose to the position of agent on May 8, 1991, district manager on February 17, 1992, and regional manager on June 7, 1992. (LR56.1(a) ¶¶ 6-8) As a district manager, Maley earned override commissions on policies sold by agents he recruited, as well as agents who worked under him. (LR56.1(a) ¶ 7) As a regional manager, Maley earned override commissions on policies sold by district managers working under him and the agents working for the district managers, as well as agents working directly for him. (LR56.1(a) ¶ 8) Maley's relationship with Design Benefits ended on January 5, 1994. (LR56.1(a) ¶ 9) During discovery, Maley identified 164 insurance policies on which he claims he was not paid override commissions to which he was entitled. (LR56.1(a) ¶ 17)

III. *Analysis*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000). The moving party bears the initial burden of demonstrating that no material issue exists for trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute exists, and must present more than a scintilla of evidence to support its position. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Maley has offered no evidence that Design Benefits made a false statement of material fact, or evidence of an agreement to act to accomplish an unlawful purpose, as required to establish his claims of fraud and conspiracy under Illinois law.[1] See Davis v. G N Mortgage Corp., 244 F. Supp. 2d 950, 957 (N.D. Ill. 2003) (elements of fraud); Bressner v. Ambroziak, 379 F.3d 478, 483 (7th Cir. 2004) (elements of conspiracy). The court grants summary judgment in favor of Design Benefits and against Maley, as to Maley's fraud and conspiracy claims.

The court next turns to Maley's breach of contract claim. Maley's regional manager agreement provided that:

> [Maley] hereby agrees that the ledger accounts of [Design Benefits] shall be competent and sufficient prima facie evidence of the state of accounts between the parties hereto; and the failure of [Maley] to object in writing to any statement of account or accounts furnished by [Design Benefits] to [Maley] within sixty (60) calendar days from the date such statement of accounts are [sic] furnished shall render such statement a correct account as between [Design Benefits] and [Maley].

(LR56.1(a) ¶ 19) Design Benefits asserts that Maley received commission statements from Design Benefits until September 1996. (LR56.1(a) ¶ 15) In support of this assertion, Design Benefits offers a letter dated September 22, 1999, in which Maley requested from Design

---

[1] Since neither party has raised a conflict of law issue in this diversity case, and both parties rely on Illinois law in their briefs, the court applies Illinois law. See Wood v. Mid-Valley Inc., 942 F.2d 425, 426-27 (7th Cir. 1991) (when conflict of law issue is not raised, a federal court should apply the law of the state in which it sits).

Benefits' manager of commission accounting "an explanation of why you have not been sending me these statements for the last three (3) years." (LR56.1(a) App. Ex. 11) In addition, Design Benefits offers Maley's deposition testimony acknowledging his authorship of this letter, and acknowledging that the letter indicated that he was receiving commission statements at least through September 1996. (LR56.1(a) App. Ex. 16, at 69-70)

As noted above, Maley did not respond to Design Benefits' statement of facts, and therefore Design Benefits' statement that Maley received commission statements through September 1996 is deemed admitted. Maley asserts in his statement of additional facts that he did not receive any detailed accountings from Design Benefits after June 29, 1995. (Maley's Add'l Facts ¶ 6) Maley cites nothing in support of this statement, however, and so the court disregards it. See LR 56.1(b)(3)(B).

Of the 164 policies that Maley alleges generated override commissions which he was not paid, 140 had terminated by September 1996. (LR56.1(a) ¶ 18) Maley did not object to the commission statements he received on these policies through September 1996 within sixty days. (LR56.1(a) ¶ 20) The court concludes that, as a matter of law, Maley is not entitled to seek commissions on the 140 policies that terminated by September 1996.

Under plaintiff's district manager and regional manager agreements, plaintiff was not entitled to override commissions on policies sold by agents-in-training working under him. (LR56.1(a) ¶¶ 7, 8) Sixty-six of the 164 policies identified by Maley were written by agents-in-training.[2] (LR56.1(a) ¶ 21) The court concludes that, as a matter of law, Maley is not entitled to seek commissions on these policies.

---

[2] Some of these policies also terminated before September 1996.

Sixteen of the 164 policies identified by Maley terminated after September 1996 and were not written by agents-in-training. (See LR56.1(a) ¶¶ 18, 21) Design Benefits concedes that one of these sixteen policies, number DK4009616A, "was inadvertently rewritten," and that Maley should have been paid $15.04 per month on that policy between September 1996 and September 16, 1997, when the policy lapsed. (LR56.1(a) ¶ 22) The court sua sponte grants summary judgment in favor of Maley and against Design Benefits, in the amount of $180.48, on the portion of Maley's breach of contract claim relating to this policy.

In addition, Maley identifies another policy, number NG4003339A (not included in the 164 previously identified), that Design Benefits rewrote. (Maley's Add'l Facts ¶ 11) Design Benefits does not provide a responsive answer to this statement of additional fact, and accordingly it is deemed admitted. See LR 56.1(a). The court sua sponte grants summary judgment in favor of Maley and against Design Benefits, as to liability only, on the portion of the breach of contract claim relating to this policy.

Design Benefits offers statements crediting Maley with certain override commissions on the remaining fifteen policies at issue.[3] (LR56.1(a) ¶ 23 & App. Ex. A-O) Since plaintiff earned commissions on these fifteen policies, the court sua sponte enters summary judgment as to liability in plaintiff's favor. It appears that the total amount of commissions generated by these policies is $119.08.

---

[3] These policies are numbers DK4000690A, DK4004655A, DK4004656A, DK4005801A, DK4007693P, DK4010211A, DK4010457A, DK4012814A, MK4006340A, MK4006342A, MK4006386A, MK4006387A, MK4006388A, NG4004394A, and DK4012624A. (LR56.1(a) ¶ 23)

5

Design Benefits has offered undisputed evidence that it paid the Internal Revenue Service ("IRS") a total of $4,746.77 in connection with a June 13, 1995 levy on Maley's salary, wages, and other income. (LR56.1(a) ¶ 12-14) Design Benefits may be entitled to offset the amount owed on the fifteen commissions earned by Maley paid to the IRS. The parties' attorneys are ordered to confer and resolve the offset as well as the $180.48 owed by Design Benefits as to policy number DK4009616A and to report to this court by telephonic conference on October 8, 2004 at 10:00 a.m. to be arranged by Design Benefits' counsel.

IV. *Conclusion*

The court finds that Maley has failed to proffer evidence from which a jury could find in his favor on the portion of his breach of contract claim relating to commissions earned on the policies that terminated by September 1996, and on the policies written by agents-in-training. Accordingly, the court grants Design Benefits' motion for summary judgment as to the portion of Maley's breach of contract claim relating to those policies. Design Benefits' motion for summary judgment as to the remaining portion of Maley's breach of contract claim is denied. The court sua sponte grants summary judgment in favor of Maley and against Design Benefits, in the amount of $180.48, on the portion of the breach of contract claim relating to policy number DK4009616A. The court sua sponte grants summary judgment in favor of Maley and against Design Benefits, as to liability only, on the portion of the breach of contract claim relating to policy numbers NG4003339A, DK4000690A, DK4004655A, DK4004656A, DK4005801A, DK4007693P, DK4010211A, DK4010457A, DK4012814A, MK4006340A, MK4006342A, MK4006386A, MK4006387A, MK4006388A, NG4004394A, and DK4012624A, and reserves

the issue of damages. Summary judgment is granted in favor of Design Benefits and against Maley, on Maley's fraud and conspiracy claims.

ENTER:

*[signature]*
Philip G. Reinhard
United States District Judge

DATED: September 28, 2004